Enoch Mayfields
316 Crownshield Ave
Uxbridge, MA 01569
enoch@ecoboxxusa.com
508-630-4534

FILED
IN CLERKS OFFICE

2015 MAR -9  P 1: 14

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRIC OF WORCESTER
EASTERN DIVISION

**ENOCH MAYFIELDS,**

Plaintiff,

V.

**Equifax information services**
LLC, a foreign limited liability company,

TransUnion
Experian Information Solution Inc

Defendant

Case No.

15CV40043

**COMPLAINT**

Fair Credit Reporting Act (15 U.S.C. $ 1681 et seq.)

Demand for Jury Trial

Plaintiff alleges that at all times material:

1.

This is a civil action brough under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 ET. SEQ. The court has jurisdiction pursuant to 15 U.S.C. § 1681P.

Page 1 - Complaint

2.

Plaintiff Enoch Mayfields ("plaintiff") is a natural person residing in the State of Massachusetts, as defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681a©.

3.

Defendant Equifax Information Services, LLC, Experian Information Solution Inc., and Transunion ("Equifax" "Experian" "TransUnion" or "Defendant") is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 168A(F).

4.

Plaintiff was denied credit from Ally financial due to his Equifax, Experian, and TransUnion credit report. On or about April 28, 2014, plaintiff requested his credit report from Equifax, Experian, and TransUnion. On or about February 18, 2014, Equifax and Experian sent plaintiff a form letter requesting she provide additional identifying information.

5.

On or about March 8, 2014, plaintiff again requested a copy of his Experian credit report, enclosing the additional identifying information Experian & Equifax requested in its February 18, 2014 letter. On or about March 13, 2014, Experian sent plaintiff a copy of his credit report, and around March 30, 2014 plaintiff received his Equifax and TransUnion credit report. The report contained false identification information, and incorrect social security number, a false birthday and false derogatory collection accounts attributed to him.

6.

On or about April 2, 2014, plaintiff disputed the false information appearing in his March 30, 2014 Equifax, Experian, and TransUnion credit report by letter and online dispute. On or about April 14, 2014 plaintiff disputed his credit report for a second time. Plaintiff enclosed a copy of his Experian credit report, Equifax and TransUnion report with the false information highlighted. TransUnion, Equifax, and Experian did not conduct an investigation of his dispute. On or about March 3, 2014, Experian sent plaintiff a third form letter indicating it needed additional identifying information to process his dispute.

7.

On or about July 8, 2014 plaintiff requested a new copy of his Experian, Equifax, and TransUnion credit report. Equifax, TransUnion and Experian did not respond to his request for his credit report.

8.

On or about April 28, 2014, plaintiff disputed to Equifax a third time the false, derogatory information displaying in his February 18, 2014 credit report. He again included the identifying information requested by Equifax, and TransUnion.

9.

On or about May 1, 2014, plaintiff received his Equifax, Experian, and TransUnion investigation results. TransUnion, Equifax, and Experian had not changed anything on his credit report. It contained the same false information that was in his March 30, 2014 Experian, Equifax, and TransUnion report.

10.

On or about May 15, 2014 plaintiff disputed a fourth time his Experian, Equifax, and TransUnion credit report. He included with his dispute all the identifying information to Equifax, Experian, and TransUnion required to process a dispute.

11.

On or about May 1, 2014 plaintiff received a denial of credit from Ally Financial, Chase and Etc based upon information appearing in his Experian, TransUnion and Equifax credit report.

12.

On or about July 2, 2014, plaintiff again requested a copy of his Experian, Equifax, and TransUnion credit report. On or about July 20, 2014, plaintiff received the same form letter, for a fifth time, requesting additional identifying information. The next day he again requested his Experian, Equifax, and TransUnion credit report, using the identifying information Experian, Equifax, and TransUnion requested he use to obtain his credit report.

13.

On or about August 6, 2014, plaintiff received a sixth form letter, requesting he provide the identical identifying information he had already provided on numerous occasions. On or about August 12, 2014, plaintiff sent a new request for a copy of his credit report to each credit agency aforementioned, again containing the identical information that Equifax, Experian, and TransUnion had previously requested he provide. Experian received his request August 23, 2014, Equifax and TransUnion received on or about August 30, 2014. Experian, Equifax, and TransUnion did not respond to plaintiff's request for a credit report.

14.

On September 3, 2014, plaintiff called Experian, Equifax, and TransUnion to dispute any false information appearing in his credit report and to find out why he could not get either of the Credit Reporting agency to provide him a copy of his credit report. Plaintiff provided the Credit Agency consumer representative his name, Social Security number and address. He also provided account information regarding his creditors. The Equifax, Experian, and TransUnion representative told him that he was mixed with another person and he needed to dispute the false information directly to the creditors before they would release his credit report. Plaintiff complained that he did not know what was on his credit report and needed a copy to determine what was necessary to dispute. Experian agreed to send him a copy of his credit report. On or about September 15, 2014, plaintiff received a copy of his Experian credit report. The report contained a wrong Social Security number and numerous false, derogatory accounts.

15.

On or about October 1, 2014, plaintiff disputed to Equifax for a sixth time his Equifax, Experian, and TransUnion credit report. Experian, Equifax, and TransUnion received his dispute on October 12, 2014. In his dispute he informed Experian, and Equifax of the false identifying information and that he had never defaulted on a single account. He also detailed all the false accounts and identifying information Equifax, Experian, and TransUnion was reporting about him.

16.

On or about November 9, 2014, Experian, Equifax, and TransUnion sent plaintiff the same form letter, for a seventh time, requesting that he provide the same identifying information he had previously provided on numerous occasions. There were no results of any investigations regarding any of his previous disputes of the false information being reported about him. On or about November 28, 2014 plaintiff disputed a seventh time, again providing the identical identifying information All three (3) credit reporting agency requested.

Page 4. – COMPLAINT

17.

On or about December 8, 2014, plaintiff received all (3) three reports from each reporting agency mentioned. He did not receive any results of investigation from his many disputes. There was no change in his credit report.

18.

On or about December 18, 2014, plaintiff disputed an eighth time to Experian, Equifax, and TransUnion. Plaintiff enclosed the same identifying information he had previously provided. In his dispute he pleaded with Equifax, Experian, and TransUnion to investigate his credit report and detailed the same false information he had been disputing for a year. All (3) three reporting credit agency mentioned received his dispute on December 29, 2014.

19.

On or about January 6, 2015, Equifax, and Experian sent plaintiff form letter requesting he provide additional identifying information. There were no results of investigation for any of his numerous disputes.

20.

On or about January 13, 2015, plaintiff sent Experian, TransUnion the identical information Equifax requested in their form letter so that it could process his dispute. On or about January 25, 2015, TransUnion, Equifax, and Experian sent plaintiff the same form letter requesting he submit the identical identifying information which it claimed was necessary prior to processing this ninth request to dispute. Equifax would not investigate his disputes, Experian would not investigate his dispute and TransUnion would not investigate his disputes. After approximately over a year of disputing, plaintiff gave up and filed this lawsuit.

FIRST CLAIM FOR RELIEF

(FCRA – 15 U.S.C. $ 1681N)

21.

Plaintiff realleges paragraphs 1 – 20 as if fully set forth herein.

22.

Page 5 – COMPLAINT

Experian, Equifax, and TransUnion willfully failed to comply with the requirements imposed under the FCRA, 15 U.S.C. $1681 et seq, including but not limited to:

a.) Failing to follow reasonable procedures to assure maximum possible accuracy of the

b.) information in consumer reports, as required by 15 U.S.C. $1681e(b);

c.) Failing to comply with the reinvestigation requirements in 15 U.S.C. $1681i:

d.) Providing plaintiff's credit file to companies without determining that these companies had a permissible purposed to obtain plaintiff's credit file pursuant to U.S.C. $1681b and

e.) Failing to provide plaintiff his credit file pursuant to 15 U.S.C. $1681g.

23.

As a result of Experian, Equifax, and TransUnion violations of the FCRA, Plaintiff has suffered, continues to suffer, and will suffer future damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, and humiliation, all to his damages, in an amount to be determined by the jury.

24.

Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

25.

Plaintiff is entitled to actual damages in an amount to be determined by the jury in addition to any statutory damages in an amount to be determined y the Court.

26.

Plaintiff is entitled to his attorney fees (applicable), pursuant to 15 U.S.C. $ 1681n(a).

SECOND CLAIM FOR RELIEF

(FCRA – 15 U.S.C. $ 1681O)

27.

Plaintiff realleges paragraphs 1 – 20 as if fully set forth herein.

28.

Experian, Equifax, and TransUnion negligently failed to comply with the requirements imposed under the FCRA. Including but not limited to:

a.) Failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. $1681e(b);
b.) Failing to comply with the reinvestigation requirements in 15 U.S.C. $ 1681i;
c.) Providing plaintiff's credit file to companies without determining that these companies had a permissible purpose to obtain plaintiff's credit file pursuant to U.S.C. $1681b and
d.) Failing to provide plaintiff his credit file pursuant to 15 U.S.C. $1681g.

29.

As a result of Experian, Equifax, and TransUnion violations of the FCRA, plaintiff has suffered, continues to suffer and will suffer future damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, and humiliation, all to his damages, in an amount to be determined by the jury.

30.

Plaintiff demands a jury trial on all claims. Wherefore plaintiff Enoch Mayfields prays for a judgment as follows:

1. On Plaintiff's First Claim for Relief for willful violations of the FCRA against Defendant Experian, Equifax, and TransUnion:
    a.) Actual damages in an amount to be determined by the jury;
    b.) Punitive damages in an amount to be determined by the jury, and,
    c.) Statutory damages as determined by the court; and
    d.) Attorney fees and cost.
2. On Plaintiff's Second Claim for Relief for negligent violations of the FCRA against Defendant Experian, Equifax, and TransUnion:

    a. Actual damages in an amount to be determined by the jury;
    b. Attorney fees and costs.
    c.
3. On All Claims for Relief, costs and expenses incurred in this action.

Page 7 – COMPLAINT

DATED this 9th day of March 2015.

/s/ Enoch Mayfields

---

Enoch Mayfields
Enoch@ecoboxxusa.com
316 Crownshield Ave
Uxbridge, MA 01569
508-630-4534

(Attorney will be assigned to this complaint at later date.)